■ EVELYN GARFIELD, Plaintiff, and GUSTAVE B. GARFIELD, Appellant, v. JACOB GOTTLIEB, Respondent. — An action was instituted in the Supreme Court, Suffolk County, by Evelyn Garfield to recover damages for personal injuries. Three months later an action was instituted in the City Court of the City of New York, New York County, by her husband, Gustave B. Garfield, for medical expenses and loss of services. The husband appeals from an order consolidating his action with his wife's action. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ HADDON HILLSIDE CORP., Respondent, v. MISHKIN-HILLSIDE, INC., Appellant.— In an action by a tenant for judgment declaring the rights of the parties in a 99-year ground lease, and for other relief, the appeal is from a judgment, entered after trial, directing appellant, the landlord, in pursuance of paragraphs 36 and 37 of the lease, to join in the execution of a mortgage covering the fee title to the land and building thereon erected by the tenant, but exempting it from obligating itself on the mortgage bond or note. Judgment modified on the law and the facts by adding to the final decretal paragraph the words "provided that the interest and amortization under such mortgage shall not exceed a total of 10% aggregate". As so modified, judgment unanimously affirmed, without costs. Findings of fact insofar as they may be inconsistent herewith are reversed and new findings are made as indicated herein. In our opinion, the reference in paragraph 36 to a mortgage "which shall be placed upon the said land and building to be created thereon" is an unambiguous statement which plainly requires appellant, as owner in fee of the land, to join in the execution of the mortgage, described in paragraph 37. Paragraph 37 obligates appellant to subscribe all documents necessary to effectuate "such mortgage, including joining in the execution of such mortgage." Other references in the lease instrument to mortgages on the .respondent's leasehold, used in differing contexts, did not negative the covenants set out in paragraphs 36 and 37. If it be assumed that the lease is ambiguous, the Trial Justice was free to credit the respondent's version of the transaction, particularly since the attorney acting for appellant at the time of the closing of the lease concurred therein, and was free to reject appellant's contradictory position. The judgment should be modified, as above indicated, in pursuance of the express provisions of paragraph 36 limiting the quantum of the mortgage to the maximum amount which may be advanced by the type of lending institutions mentioned therein and limiting payment of interest and amortization thereon to a sum not in excess of "10% aggregate" of the face amount of the mortgage. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Hallinan, JJ.